IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL DeFRAIA<br>581 Park Drive<br>Boston, MA 02215<br><br>         Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF DEFENSE<br>1400 Defense Pentagon<br>Washington, DC 20301-1400<br><br>         Defendant. | Case No: 22-cv-0387 |

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff Daniel DeFraia ("Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant Department of Defense (hereinafter "DOD") in failing to provide Plaintiff with all non-exempt records responsive to his July 1, 2021, FOIA request sent to this federal agency, seeking copies of records that discuss or describe Dr. Andrew Mara's review and evaluation of the DOD's Sexual Assault Prevention and Response program..

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, Daniel DeFraia, is an individual that, at all times relevant herein, has resided in Boston, Massachusetts.

5. Defendant Department of Department is a federal agency of the United States, and as such, is subject to FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for

responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

13. On or about July 1, 2021, Plaintiff sent a FOIA request to the Department of Department (DOD), seeking copies of records that discuss or describe Dr. Andrew Mara's review and evaluation of DOD's Sexual Assault Prevention and Response program.

14. On or about July 8, 2021, the DOD sent Plaintiff an email confirming receipt of Plaintiff's July 1, 2021, FOIA request, and assigning it reference number 21-F-1252.

15. On or about August 23, 2021, Plaintiff sent an email to the DOD requesting the status, and an estimated date of completion, for his July 1, 2021, FOIA request.

16. On or about August 24, 2021, DOD sent an email to Plaintiff, acknowledging Plaintiff's August 23, 2021 email, and indicating that it had contacted the component that is conducting the FOIA search for a status update.

17. On or about September 15, 2021, Defendant emailed Plaintiff, indicating that it did not have an estimated date of completion, and that the request was sent to another component of the agency to undertake a search for responsive records.

18. On or about September 15, 2021, Plaintiff emailed Defendant, once again requesting an estimated date of completion for his July 1, 2021, FOIA request.

19. On or about September 16, 2021, the DOD emailed Mr. DeFraia, once again noting that his request was sent to another component of the agency, and that there was an estimated response date of October 13, 2021.

20. On or about October 12, 2021, Plaintiff emailed Defendant DOD, once again

requesting an estimated completion date for his July 1, 2021, FOIA request.

21. On or about October 21, 2021, Defendant DOD emailed Plaintiff, indicating that it had reached out to the component of the agency conducting the search, and would provide an estimated date of completion once it had that information.

22. On or about December 30, 2021, Defendant emailed Plaintiff indicating that the agency was still processing his July 1, 2021 FOIA request response, but did not provide an estimated date of completion for this FOIA request.

23. As of the date of the filing of this action ,Plaintiff has not received any of the records he requested from his July 1, 2021, FOIA request, nor a final response decision for this FOIA request.

## VII. CLAIMS FOR RELIEF

24. Plaintiff realleges, as if fully set forth herein, paragraphs 1-23 previously set forth herein.

25. Defendant DOD has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his July 1, 2021, FOIA request, and by failing to complete an adequate search which was reasonably calculated to locate all responsive records to this FOIA request.

26. By failing to provide Plaintiff with all non-exempt responsive record to his July 1, 2021, FOIA request as described in paragraph 13, and by failing to perform an adequate search for responsive records, Defendant DOD has denied Plaintiff's right to

this information as provided by the law under the Freedom of Information Act.

27. Defendant DOD has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's July 1, 2021, FOIA request at issue in this action.

28. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's July 1, 2021, FOIA request, Defendant DOD has denied Plaintiff's right to this information, as provided by law under the Freedom of Information Act.

29. Unless enjoined by this Court, Defendant DOD will continue to violate Plaintiff's legal rights to be provided with copies of the records which he has requested in his FOIA request described in paragraph 13 above.

30. Plaintiff DeFraia is directly and adversely affected and aggrieved by Defendant DOD's failure to provide responsive records to his FOIA request described above.

31. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

32. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1. Declare Defendant Department of Defense has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his July 1, 2021, FOIA request.

2. Declare Defendant Department of Defense has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's July 1, 2021, FOIA request.

3. Direct by injunction that Defendant Department of Defense perform an adequate search for records responsive to his July 1, 2021, FOIA request and provide Plaintiff with all non-exempt responsive records to Plaintiff's July 1, 2021, FOIA request.

4. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provide such other relief as the Court deems just and proper.

DATED: This 14th day of February, 2022.

Respectfully submitted,

 /s/ Lance D. Quaranto
Lance D. Quaranto (OR0016)
Quaranto & Associates LLC
PO Box 5471
Eugene, Oregon 97405
(541) 393-8485
lance.d.quaranto@gmail.com
**Attorney for Plaintiff**